STATE OF MONTANA,
     Plaintiff,                               NO. DC 96-007
     vs.                                   DECISION
Chris Harshberger,
     Defendant.

On September 19, 1997, it was ordered, adjudged and decreed that Chris Harshberger be imprisoned in the Montana State Prison for four (4) years. The defendant shall be responsible for all costs of the victim's counseling and related services necessitated by this offense as determined by the defendant's supervising officer as well as the cost of his court ordered evaluation. The defendant shall successfully complete Phase I and Phase II of the Sex Offender Treatment program at the Montana State Prison and complete all follow-up treatment as recommended before becoming eligible for parole. If the Department of Corrections places the defendant on any future parole or probation, the defendant shall comply with the terms of probation as stated in the September 19, 1997 judgment. The defendant shall be given credit for eight (8) days served in jail prior to sentencing.

On February 19, 1998, the defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The defendant was present and was represented by attorney Greg Jackson. The state was not represented.

Before hearing the application, the defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also to increase it. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that he understood this and stated that he wished to proceed.

After careful consideration, it is the unanimous decision of the Sentence Review Division that the sentence shall be amended to ten (10) years, all suspended, to Montana State Prison. Conditions with this amendment are: (1) Defendant must enter and complete all phases of the Sexual Offender Treatment Program on an out-patient basis. (2) Defendant will register as a sex offender pursuant to Montana law. (3) Defendant must provide a DNA sample. (4) Defendant must have no association with any female under the age of 18.

14

All other conditions of the September 19, 1997 decision will remain the same.

The reasons for the amendment are because of the pretrial agreement entered into and the defendant's past juvenile and adult record. The Sentence Review Board believes that probation for a longer period of time is necessary for the treatment of the defendant. The Board doesn't believe defendant could complete the programs in the time frame given by Judge Cox. The Board feels that the defendant can be adequately treated in a community based setting and prison is not necessary at this time.

Done in open Court this 19th day of February, 1998.

DATED this 12th day of March, 1998.

**Chairman, Hon. Wm. Nels Swandal, Member, Hon. Richard Phillips and Member, Hon. Jeff Langton.**

The Sentence Review Board wishes to thank attorney Greg Jackson for representing Chris Harshberger in this matter.